UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANN MARIE DUBREUS,

                Plaintiff,                  **MEMORANDUM AND ORDER**
                                                         12 CV 940 (DRH) (GRB)
       - against -

NORTH SHORE UNIVERSITY HOSPITAL and
NORTH SHORE-LONG ISLAND JEWISH
HEALTH SYSTEM,

                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**THE LAW OFFICES OF BORRELLI AND ASSOCIATES., P.L.L.C.**
Attorneys for Plaintiff
1010 Northern Blvd., Suite 328
Great Neck, New York 11021
By:    Michael J. Borrelli, Esq.
        David H. Rosenberg, Esq.

**NIXON PEABODY LLP**
Attorneys for Defendants
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
By:    Christopher G. Gegwich, Esq.
        Jessica A. Chiclacos, Esq.

**HURLEY, Senior District Judge:**

Plaintiff Ann Marie Dubreus ("plaintiff") commenced this action against defendants North Shore University Hospital ("North Shore Hospital") and North Shore-Long Island Jewish Health System ("North Shore Health") (collectively, "defendants") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Plaintiff asserts that defendants discriminated against her based on her disability, failed to accommodate her disability, and retaliated against her, all in violation of the ADA.

Presently before the Court is defendants' motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of the Complaint on the grounds that is untimely. For the reasons that follow, defendants' motion is DENIED.

## BACKGROUND

Since the only issue before the Court is whether this action is timely, the background section will be substantially limited to those facts pertinent to the issue of timeliness.

Plaintiff was employed as a Patient Care Associate at North Shore Hospital from July 2001 until March 28, 2011, when she was terminated. (Compl. ¶ 13.) According to plaintiff, she had a pre-existing partial disability during her employment which is described as "cardiac enzyme problems/high blood pressure." (*Id.* ¶ 10.) Plaintiff claims, *inter alia*, that she "was terminated on account of a continuing on-going pattern of discrimination; in retaliation for engaging in protected activity of complaining about said discrimination; and on account of North Shore Hospital policy to terminate disabled employees on six month disability leave that request more time off from work during said Leave." (*Id.* ¶ 11.)

On April 29, 2011, plaintiff filed a dual complaint with the New York State Division of Human Rights ("DHR") and the Equal Employment Opportunity Commission ("EEOC") (Compl. ¶ 4.) It is alleged that on September 26, 2011, the DHR determined that probable cause existed to believe that defendants engaged in the unlawful discriminatory practice complained of in the complaint. (*Id.*) On November 21, 2011, the EEOC issued the Notice of Right to Sue letter. (*Id.*) Although the Complaint in this action was filed on February 27, 2012, plaintiff alleges that she "filed the instant matter timely within 90 days of receiving [the Right to Sue] letter." (*Id.*)

## DISCUSSION

### I. Legal Standard

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).[1]

First, in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 561 (quoting *Conley*, 355 U.S. at 45-46) (internal quotation marks omitted). Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.

*Id.* at 555 (citations, internal quotation marks, and alterations omitted).

---

[1] Although defendants move to dismiss pursuant Rules 12(b)(1) and 12(b)(6) for plaintiff's alleged failure to commence this action within ninety days of receiving the Right to Sue letter, it is well-settled that "compliance with the 90-day period of 42 U.S.C. § 2000e-5(f)(1) . . . is not jurisdictional." *McClendon v. Bronx Cnty. Dist. Attorneys Office*, 764 F. Supp. 2d 626, 628 (S.D.N.Y. 2011) (citing *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)). Therefore, defendants' motion will be analyzed under Rule 12(b)(6) only.

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Supreme Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see also Ortiz v. City of New York*, 755 F. Supp. 2d 399, 401 (E.D.N.Y. 2010) ("[A] complaint must contain factual allegations to support the legal conclusions and the factual allegations must plausibly give rise to an entitlement of relief.") (internal quotation marks omitted).

## II.     Timeliness of Plaintiff's ADA Claim

Defendants argue that plaintiff's Complaint should be dismissed because it is untimely. Specifically, defendants contend that plaintiff's ADA claims are time-barred because she failed to initiate this action within 90 days of receiving the EEOC Right to Sue letter.

"In order to be timely, a claim under the ADA must be filed in federal district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (citing 42 U.S.C. §§ 2000e-5(f)(1), 12117(a)).  This timing requirement has been strictly enforced by courts in this Circuit.  *See, e.g.*, *Williams v. Chertoff*, 2008 WL 2001897, at *2 (E.D.N.Y. May 8, 2008); *Holmes v. NBC/GE*, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996).  In addition, there is a presumption in this Circuit that "a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984)).  "There is a further presumption that a mailed document is received three days after its mailing." *Tiberio*, 664 F.3d at 37 (citing *Sherlock*, 84 F.3d at 525); *see also* Fed. R. Civ. P. 6(e).

Relying on these presumptions, defendants assert that a complaint alleging an ADA claim must be filed within 93 days of the date the EEOC issued the Right to Sue letter.[2]  (Defs.' Mem. at 4-5.)  Because the Right to Sue letter in this case was dated November 21, 2011, defendants claim that plaintiff had to file her complaint no later than February 22, 2012.  This contention, however, fails to acknowledge that the presumptions set forth above, while "convenient and

---

[2] Defendants arrive at 93 days by adding the three-days it is presumed a mailed document is received to the 90 days a plaintiff has to file a complaint after receipt of the Right to Sue letter.

reasonable in the absence of evidence to the contrary," are not "irrebuttable." *Sherlock*, 84 F.3d at 526. Indeed, the Second Circuit has made clear, even in the context of a motion to dismiss, that "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Id.*

Although plaintiff has not submitted any evidence challenging the presumption that the Right to Sue letter was mailed by the EEOC on the November 21, 2011, plaintiff has submitted a declaration indicating that she received the Right to Sue letter beyond the three-day presumptive period. In fact, plaintiff states that she did not receive the Right to Sue letter until November 28, 2011.[3] (Dubreus Decl. ¶ 3.) Plaintiff indicates that "Thursday, November 24, 2011 was Thanksgiving Day, and thus the U.S. Post Office was closed." (*Id.* ¶ 4.) Plaintiff further explains that "[d]elivery of my mail is generally slower around the Thanksgiving holiday." (*Id.*) Since 90-days from November 28, 2011 was February 26, 2012 (a Sunday), plaintiff maintains that her Complaint was timely filed on February 27, 2012, the following business day.[4] (*Id.* ¶ 5.)

In response, defendants first argue that the declaration is inadmissible as it fails to comply with the requirements of 28 U.S.C. § 1746. This argument is unpersuasive. Section 1746 allows a court to consider as evidence an unsworn declaration if it "is subscribed by [the decalarant], as

---

[3] While the declaration (and opposition papers for that matter) states that plaintiff received the Right to Sue letter on "November 28, 2012," it is clear that this was a typographical error. While the Court does not condone the carelessness with which these documents were drafted, it will nevertheless construe the date of receipt to be November 28, 2011.

[4] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, if the last day of a limitations period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.'" 28 U.S.C. § 1746; *see also LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 65 (2d Cir. 1999). Although plaintiff's declaration does not contain language that substantially complies with the statutory requirements of Section 1746,[5] what defendants overlook is that the declaration was sworn to before a notary public. As the declaration is a sworn document, its admissibility does not hinge on the requirements set forth in Section 1746. *See Taylor & Fulton Packing, LLC v. Marco Intern. Foods, LLC*, 2011 WL 6329194, at * 4 n.2 (E.D.N.Y. Dec. 16, 2011) (finding declarations inadmissible since they were neither "sworn to before an officer authorized to administer oaths, such as a notary public" nor "made under penalty of perjury, pursuant to 28 U.S.C. § 1746"); *Lamoureux v. Anazaohealth Corp.*, 2010 WL 4875870, at *2 (D. Conn. Nov. 18, 2010) ("To be admissible . . . an affidavit must be sworn to before an officer authorized to administer oaths, such as a notary public. Alternatively, under 28 U.S.C. § 1746, an unsworn declaration, which is dated and signed by the declarant 'under penalty of perjury,' and verified as 'true and correct,' may be used in lieu of a sworn affidavit." (internal citation omitted)). As such, the Court may properly consider plaintiff's declaration.

Defendants also claim that "[p]laintiff's explanation regarding the circumstances of her receipt of the Notice of Right to Sue belies belief" (Defs.' Reply at 5), and that "[i]t is incredulous to assume that it took seven days – even with the Thanksgiving holiday – for a letter

---

[5] The declaration at issue stated that "ANNE MARIE DUBREUS declares, pursuant to 28 U.S.C. § 1746, as follows:" (Dubreus Decl.) Although the declaration references the applicable statute, it does not comply with its statutory requirements.

7

that the EEOC mailed from New York City to reach Plaintiff's residence in Queens." (Defs.' Mem at 6 n.5.) Such contentions however are immaterial at this stage of the litigation. *See Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) ("The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."); *Capobianco v. Sandow Media Corp.*, 2012 WL 4561761, at *3 (S.D.N.Y. Sept. 29, 2012) (finding that defendant's opposition to plaintiff's sworn statement "creates, at best, an issue of credibility; as such, dismissal under Federal Rule of Civil Procedure 12(b)(6) is inappropriate").

Finally, the defendants' contention that plaintiff's declaration only speaks to when she physically received the Right to Sue letter and not when the letter was delivered to her in the mail misses the mark. In this case, plaintiff's claim for not receiving the Right to Sue letter in three days is premised on the delivery of mail during the Thanksgiving holiday. It is not alleged by plaintiff that her later-than-expected receipt of the Right to Sue letter was based on circumstances which did not involve its mailing. Therefore, the circumstances of this case are distinguishable from the cases relied on by defendants which involved plaintiffs who received the Right to Sue letter more than three days after it was mailed based on their own personal circumstances. *See Demperio v. TSA Stores, Inc.*, 2012 WL 1468495, at *2 (N.D.N.Y. Apr. 27, 2012) (finding presumption not rebutted where plaintiff averred that "he did not physically receive the right-to-sue letter . . . because his mailing address was different from his actual residence"); *Davis v. Columbia Univ.*, 2010 WL 2143665, at *4 (S.D.N.Y. May 26, 2010) (finding presumption not rebutted where plaintiff was on vacation and did not receive the Right to Sue letter until more than three days after its mailing); *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d

8

210, 218-19 (S.D.N.Y. 2010) (finding presumption not rebutted where plaintiff was out of town and did not receive the Right to Sue letter until six days after it was mailed).

After considering plaintiff's declaration, the Court finds that there is sufficient admissible evidence to rebut the presumption that plaintiff received the EEOC Right to Sue letter in the mail three days after it was presumably mailed on November 21, 2011. Accordingly, plaintiff's evidence creates an issue of fact as to when the 90-day limitations period was triggered which cannot properly be decided in the context of a Rule 12(b)(6) motion to dismiss. *See Sherlock*, 84 F.3d at 526 (vacating dismissal of complaint based on evidence creating an issue of fact as to when plaintiff received the Right to Sue letter); *Comrie v. Bronx Lebanon Hosp.*, 133 F.3d 906, 1998 WL 29643, at *2 (2d Cir. Jan. 27, 1998) (table) (reversing district court's dismissal of discrimination claims as untimely on a Rule 12(b)(6) motion after finding that plaintiff "sufficiently rebutted the three-day presumption" by submitting an affidavit specifying the later date on which she received the Right to Sue letter); *Smith v. Chase Manhattan Bank*, 1998 WL 642930, at *4 (S.D.N.Y. Sept. 18, 1998) (finding that plaintiff's sworn affidavit "has sufficiently rebutted the presumption of receipt, thereby creating an issue of fact as to when the 90 day limitations period began to run").

Even assuming *arguendo* that the Court could not consider plaintiff's declaration, defendants' motion would nonetheless fail. Numerous courts within the Circuit "have held that the principle in Rule 12(b)(6) motions that a pleading's factual allegations must be taken as true applies to allegations that a plaintiff did not receive his EEOC letter within three days after the EEOC mailed it." *Newell v. N.Y. City Dep't of Transp.*, 2010 WL 1936226, at * 2 (E.D.N.Y. May 12, 2010); *see also J.D. Carpenter v. City of New York*, 2010 WL 2680427, at *2 (E.D.N.Y.

9

June 30, 2010) (noting that "[I] *Sherlock*, the complaint did not allege the date on which the plaintiff received the Right to Sue letter," but that "[i]n cases where a complaint does allege this information, courts in this circuit have held that the principle that all factual allegations in the complaint must be taken as true for the purposes of Rule 12(b)(6) motions applies"); *Spruill v. NYC Health & Hosp.*, 2007 WL 2456960, at *5 (S.D.N.Y. Aug. 23, 2007), *aff'd*, 367 F. Appx. 269 (2d Cir. 2010) (finding that although the Right to Sue letter was stamped as mailed on February 25, 2005, "[o]n a motion to dismiss, this Court must accept [plaintiff's] allegation that he did not receive the right to sue letter until [the date pled in the complaint]").

Here, plaintiff has alleged in the Complaint that she "filed the instant matter timely within 90 days of receiving that letter." (Compl. ¶ 4.) While plaintiff would have been on stronger footing had she pled the specific date she claims she received the Right to Sue letter directly into the Complaint, *see, e.g.*, *Ridgeway v. Metro. Museum of Art*, 2007 WL 1098737, at *5 (S.D.N.Y. Apr. 10, 2007), the omission of a specific date does not warrant dismissal. Taking the allegation contained in Paragraph four of the Complaint as true, which the Court is required to do, it can reasonably be inferred that plaintiff received the Right to Sue letter no earlier than November 27, 2011.[6] As such, there is no basis to dismiss plaintiffs' complaint on the grounds that this action was not commenced within ninety days of plaintiff's receipt of the Right to Sue letter.

---

[6] This calculation is based on dating back 90-days from Saturday February 25, 2012, which, for purposes of computing time under Fed. R. Civ. P. 6(a), is treated the same as Monday February 27, 2012.

## CONCLUSION

For the reasons set forth above, defendants' motion seeking the dismissal of plaintiff's Complaint on timeliness grounds is denied. This action is respectfully referred to Magistrate Judge Brown for discovery and pretrial supervision.

**SO ORDERED.**

Dated: Central Islip, New York
November 20, 2012

/s/
Denis R. Hurley
Unites States District Judge